UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CARLOS QUILES &
CARLOS RODRIGUEZ,
        Plaintiff(s),

            **COMPLAINT &**
v.            **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
WENDY FLORES, Tax # 954815,
Patrol Boro Bronx,
NEW YORK CITY POLICE OFFICER
KEVIN DEMPSEY, Tax # 953813,
Patrol Boro Bronx,
NEW YORK CTIY POLICE OFFICER JOHN DOE
Patrol Boro Bronx,
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER ONE
Patrol Boro Bronx,
        Defendant(s).
-------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiffs, CARLOS QUILES and CARLOS RODRIGUEZ, seek redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars,

–1–

exclusive of interest and costs.

3. The Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiffs, CARLOS QUILES and CARLOS RODRIGUEZ, are United States Citizens and residents of the United States, and at all times relevant herein are residents of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICERS WENDY FLORES, KEVIN DEMPSEY, JOHN DOE and JOHN DOE NUMBER ONE, all of the Patrol Boro Bronx Command, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICERS FLORES, DEMPSEY, DOE and DOE NUMBER ONE are sued individually and in their official capacity. At all times relevant, Defendant OFFICERS FLORES, DEMPSEY, DOE and DOE NUMBER ONE were acting under the color of State Law in the course and scope of their duties and

functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant OFFICERS FLORES, DEMPSEY, DOE and DOE NUMBER ONE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers and maintenance of police facilities as said risk attaches to the public consumers of the services provided by its NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York and Defendant CITY OF NEW YORK. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers and maintenance of police facilities.

## STATEMENT OF FACTS

11. On February 20, 2014 at approximately 8:30 a.m., Plaintiff CARLOS QUILES drove his automobile to the vicinity of 125th Street and Lennox Avenue in Manhattan to pick up his cousin, Plaintiff CARLOS RODRIGUEZ to take him to a hospital in the Bronx.  The Plaintiffs had just crossed over the 138th Street bridge in the Bronx when they were ordered to pullover by a marked NEW YORK CITY POLICE DEPARTMENT patrol car.  Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, exited the vehicle and approached Plaintiff CARLOS QUILES and told Plaintiff QUILES that his 'right rear tail light is blinking".  Defendant OFFICER DOE then ordered Plaintiff QUILES to produce his driver's license and registration.   Plaintiff QUILES complied, whereupon the partner of Defendant OFFICER DOE, herein identified as Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, opened the rear passenger door of the vehicle, reached inside and removed a bottle out of the pocket of the passenger seat and asked Plaintiff QUILES, in sum and substance: 'what's this?" whereupon Plaintiff QUILES stated to Defendant OFFICER JOHN DOE NUMBER ONE, in sum and substance, "it's a Malta, it's my daughter's drink."  Defendant NEW YORK CITY POLICE OFFICER JOHN DOE then asked Plaintiff QUILES if he had been drinking.  Plaintiff QUILES informed Defendant OFFICER DOE that he had not been drinking.  Defendant OFFICERS JOHN DOE and JOHN DOE NUMBER ONE then proceeded to go to their squad car, returning to the Plaintiff's vehicle approximately five minutes later, whereupon Defendant OFFICER JOHN DOE gave Plaintiff QUILES back his license and registration, stating in sum and substance: "have a nice day."  The Plaintiffs proceeded to continue to their destination when they were pulled over by Defendants, NEW YORK CITY POLICE OFFICERS WENDY FLORES and KEVIN DEMPSEY in the vicinity of 138th Street and Cypress Avenue in the Bronx, less than five minutes after the Plaintiffs were stopped by Defendant

NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE.  Defendant NEW YORK CITY POLICE OFFICER WENDY FLORES approached Plaintiff CARLOS QUILES and asked for his license and registration, whereupon Plaintiff QUILES asked Defendant OFFICER FLORES, "why?", whereupon Defendant OFFICER FLORES, said "just give me your license and registration."  Plaintiff CARLOS QUILES complied, asking Defendant OFFICER FLORES, in sum and substance: "it's my tail light, right?" The Plaintiffs then observed Defendant OFFICER FLORES walk to the front of the Plaintiff's vehicle and then tell Plaintiff QUILES, in sum and substance "oh yeah, your right front passenger light is out." Defendant OFFICER FLORES then asked Plaintiff CARLOS QUILES if he had ever been arrested before, whereupon Plaintiff QUILES stated to Defendant OFFICER FLORES, in sum and substance:  "are you kidding me?" Defendant OFFICER FLORES then stated to Plaintiff QUILES, in sum and substance: "just answer the question." Plaintiff CARLOS QUILES answered Defendant OFFICER FLORES question in the affirmative, whereupon Defendant OFFICER FLORES then asked Plaintiff QUILES, in sum and substance: "for what?"  Plaintiff QUILES then informed Defendant OFFICER the nature of the offense, whereupon Defendant OFFICER FLORES then asked Plaintiff QUILES in sum and substance: "when?", whereupon Plaintiff answered Defendant OFFICER FLORES question, whereupon Defendant OFFICER FLORES, stated to Plaintiff QUILES, in sum and substance: "and you're still on probation", whereupon Defendant OFFICER FLORES went back to her patrol car and came back a few minutes later and asked Plaintiff CARLOS QUILES in sum and substance, "do you have any drugs in the car?", whereupon Plaintiff QUILES stated in sum and substance "no".  Defendant OFFICER FLORES then ordered Plaintiff CARLOS QUILES to step out of the vehicle.  Plaintiff QUILES complied whereupon Defendant OFFICER FLORES, proceeded to search Plaintiff

QUILES.  Plaintiff QUILES was then handcuffed and walked to the back of the car.  Plaintiff CARLOS RODRIGUEZ, who was sitting in the front passenger seat was then ordered out of the vehicle.  Plaintiff CARLOS RODRIGUEZ was also subjected to a physical search of his person, whereupon Plaintiff CARLOS RODRIGUEZ informed the Defendant Officers that he was a diabetic on insulin and that he had insulin needles on his person and that Plaintiff QUILES was his cousin and was taking Plaintiff RODRIGUEZ to the hospital.  Defendant OFFICER FLORES stated in sum and substance "no it's not", to Plaintiff's assertion that the needle was an insulin needle.  Plaintiff CARLOS RODRIGUEZ was then also handcuffed, whereafter the Defendant Officers searched the Plaintiff's vehicle.  Other members of the NEW YORK CITY POLICE DEPARTMENT arrived a few minutes later and Plaintiffs observed one of the Officers drive off in the Plaintiff's vehicle.  Both Plaintiffs were subsequently transported to the 40th precinct, where Plaintiff QUILES asked Defendant OFFICER FLORES why he was being arrested, whereupon Defendant OFFICER FLORES informed Plaintiff that he was being arrested because the his cousin "had a needle and a beer and it was your car."  Defendant OFFICER FLORES then told both Plaintiffs, in sum and substance "my boss told me to stop you because you had a broken front light."  Both Plaintiffs were subjected to another physical search of their person, whereafter they were transported to Central booking.  Both Plaintiffs were subsequently released from the custody of THE NEW YORK CITY POLICE DEPARTMENT without seeing a lawyer or a Judge and without a Criminal Court complaint being filed against either Plaintiff.  Upon inspecting his vehicle after it was returned by the NEW YORK CITY POLICE DEPARTMENT, Plaintiff CARLOS QUILES observed damage to the interior of the vehicle which was not present prior to the seizure his car.  As a result of being arrested both Plaintiff's suffered loss of time from work, and were publicly humiliated by the conduct of the

Defendant Officers.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest**

12. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEWYORK CITY POLICE OFFICER WENDY FLORES, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully searching and falsely arresting Plaintiff CARLOS QUILES without lawful reason or probable cause.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER WENDY FLORES, occurred in and during the course and scope of her duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff CARLOS QUILES.

## SECOND FEDERAL CLAIM

**Violation of rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest**

15. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER WENDY FLORES, Patrol Boro Bronx, acting under color of State Law violated section

42 U.S.C. 1983 by unlawfully searching and falsely arresting and detaining Plaintiff CARLOS RODRIGUEZ without lawful reason or probable cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER WENDY FLORES, Patrol Boro Bronx, occurred in and during the scope of her duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff CARLOS RODRIGUEZ.

## THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983, Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Unlawful Search, False Arrest**

18. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One through Seventeen (17) as if fully set forth herein.

19. Plaintiffs CARLOS QUILES and CARLOS RODRIGUEZ were subjected to an unlawful search by Defendant NEW YORK CITY POLICE OFFICERS WENDY FLORES and KEVIN DEMPSEY by false information relayed by Defendants NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE, resulting in the aforementioned and hereinafter mentioned injuries to Plaintiffs CARLOS QUILES and CARLOS RODRIGUEZ.

20. As a consequence of the actions of Defendants, NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE, Plaintiffs CARLOS QUILES and CARLOS RODRIGUEZ have suffered and continue to suffer great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FOURTH   FEDERAL CLAIM

## Violation of Rights secured by Section 42 U.S.C 1983, Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Due Process Violations

21. The Plaintiffs incorporates by reference each of the allegations contained in paragraphs One through Twenty (20) as if fully set forth herein.

22.  Plaintiff CARLOS QUILES was subjected to an unlawful seizure by Defendants NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE who initiated the second traffic stop of the Plaintiffs by Defendant NEW YORK CITY POLICE OFFICERS WENDY FLORES and KEVIN DEMPSEY, without basis in fact or law.

23.  As a consequence of the actions of Defendants NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE, Plaintiffs CARLOS QUILES and CARLOS RODRIGUEZ suffered loss of time from employment, as well as extreme emotional upset, public humiliation and embarrassment.

## FIRST STATE LAW CLAIM

24.  The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25.  That the actions of Defendants, NEW YORK CITY POLICE OFFICERS WENDY FLORES and KEVIN DEMPSEY, resulted in the false arrest and imprisonment of Plaintiffs, without probable cause or basis in fact, resulting in the aforementioned harm to Plaintiffs CARLOS QUILES and CARLOS RODRIGUEZ.

## SECOND STATE LAW CLAIM

26.  The Plaintiffs incorporate by reference the allegations contained in paragraphs One

through Twenty Five (25) as if fully set forth herein.

27. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER WENDY FLORES, resulted in the false arrest, detention, photographs and searches of Plaintiff CARLOS QUILES, and causing the aforementioned and hereinafter mentioned harm to Plaintiff CARLOS QUILES.

### THIRD STATE LAW CLAIM

28. The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER KEVIN DEMPSEY resulted in the intentional physical assault and injury of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

30. The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants, NEW YORK CITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE resulted in the intentional infliction of emotional distress and injury of the Plaintiffs, causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

### FIFTH STATE LAW CLAIM

32. The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1)

through Thirty One (31) as if fully stated herein.

33. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER WENDY FLORES which resulted in the false arrest, detention, photographs and searches of Plaintiff CARLOS QUILES, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff CARLOS QUILES

### SIXTH STATE LAW CLAIM

34. The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. That the Defendant CITY OF NEW YORK, through the doctrine of Repsondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER WENDY FLORES which resulted in the emotional distress upon Plaintiff CARLOS RODRIGUEZ causing Plaintiff CARLOS RODRIGUEZ to suffer severe anxiety, public humiliation and embarrassment, and the aforementioned and hereinafter mentioned harm to Plaintiff CARLOS RODRIGUEZ.

### SEVENTH STATE LAW CLAIM

36. The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendants, NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE, which resulted in the infliction of emotional distress, public humiliation and embarrassment upon Plaintiffs.

**WHEREFORE,** the Plaintiffs demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against named Defendant New York City Police officers WENDY FLORES, KEVIN DEMPSEY, JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE # ONE.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: February 13, 2015

_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiffs
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax (212) 227-2330
E: vbrownlaw@yahoo.com